IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON BENAVIDEZ, | No. C 10-5159 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| JAMES D. HARTLEY, Warden, | |
| Respondents. / | (Docket No. 2) |

Petitioner, a California state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not done so. He indicates in his petition that he has presented his claims only to the state superior court in two habeas petitions (Pet. 3-4). The last of these petitions was denied on August 26, 2010, approximately two months prior to the filing of the instant petition. No appeals or petitions in petitioner's name appear in the California Supreme Court's electronic database of cases. To properly exhaust his claims, petitioner must properly raise them in the California Supreme Court. Petitioner has also not presented any exceptional circumstances to excuse his failure to exhaust. *See Granberry*, 481 U.S. at 134. The petition is therefore **DISMISSED** without prejudice to refiling after available state judicial remedies are exhausted.

Good cause appearing, petitioner's application to proceed in forma pauperis (docket number 2) is **GRANTED**.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: November  23 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\BENAVIDEZ5159.DSM-EXH.wpd

2