IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON BENAVIDEZ, | No. C 10-5159 JSW (PR) |
| Petitioner, | **AMENDED ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| JAMES D. HARTLEY, Warden, | |
| Respondents. / | (Docket No. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction in the state courts. This order dismisses the petition for failing to state a cognizable claim for federal habeas relief, and grants Petitioner's motion to proceed in forma pauperis (docket number 2).[1]

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1] This order also vacates the prior order of dismissal and judgment inadvertently entered in this case by a different judge of this court.

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not done so. He indicates in his petition that he has presented his claims only to the state superior court in two habeas petitions (Pet. 3-4). The last of these petitions was denied on August 26, 2010, approximately two months prior to the filing of the instant petition. No appeals or petitions in Petitioner's name appear in the California Supreme Court's electronic database. To properly exhaust his claims, Petitioner must properly present them to the California Supreme Court. Petitioner has also not presented any exceptional circumstances to excuse his failure to exhaust. *See Granberry*, 481 U.S. at 134. The petition will therefore be dismissed without prejudice to refiling after available state

judicial remedies are exhausted.

## CONCLUSION

For the foregoing reasons and for good cause shown the petition for a writ of habeas corpus is DISMISSED without prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided.  Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case

In light of Petitioner's lack of funds, his application for leave to proceed in forma pauperis is GRANTED (docket number 2).

The order of dismissal and judgment inadvertently entered in this matter on November 24, 2010, are VACATED.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: November 30, 2010

                         JEFFREY S. WHITE
                         United States District Judge

<div style="text-align: left; font-weight: bold;">United States District Court<br>For the Northern District of California</div>

<div style="text-align: center;">
UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA
</div>

| | |
|---|---|
| LEON DAMIEN BENAVIDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES D HARTLEY et al,<br><br>　　　　Defendant. | Case Number: CV10-05159 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leon Damien Benavidez
AB-3606
Avenal State Prison
PO Box 9
Avenal, CA 93204

Dated: November 30, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk